Conron Brothers Company, Appellant, *v.* 500 West 14th Street Realty Co., Inc., and Others, Defendants, Impleaded with Frank Hardart, Respondent. (Appeal No. 1.)

Frank Hardart, Respondent, *v.* 500 West 14th Street Realty Corp. and Others, Defendants, Impleaded with Conron Brothers Company, Appellant. (Appeal No. 2.)

Frank Hardart, Respondent, *v.* 500 West 14th Street Realty Corp. and Others, Defendants, Impleaded with Conron Brothers Company, Appellant. (Appeal No. 3.)

First Department, November 7, 1930.

*Myle J. Holley* of counsel [*Clarence M. Lewis* and *Joseph Oxenberg* with him on the brief; *Holley & Oxenberg,* attorneys], for the appellant.

*Nathan Waxman* of counsel [*Milton C. Weisman,* attorney], for the respondent.

Sherman, J. Plaintiff Hardart seeks to foreclose a mortgage made August 4, 1927, which met with non-payment at maturity. The complaint alleges a lien superior to the interest or liens of any of the defendants. Defendant Conron Brothers Company had become a lessee of this property under a lease made February 20, 1908, and recorded during that year. This lease contains an option of renewal for an additional term of twenty-one years from May 1, 1928, provided the tenant give written notice before November 1, 1927, of its intention to exercise the option. Plaintiff became a mortgagee with notice of the terms of that recorded lease.

Appellant in its answer sets forth, by its first separate and distinct defense, necessary allegations showing that its lease had been recorded for many years prior to the execution of Hardart's mortgage and that such lease by its terms requires the landlord either to execute and deliver the renewal lease to appellant or to compensate it by the payment of an amount equal to the value of the building and improvements which have been erected by the tenant on the premises. It alleges that the tenant's timely demand for a renewal of its lease was denied by the owner. The lease also provided that no building or improvement erected upon the premises should become a part of the fee until paid for by the owner or until the expiration of the renewal lease.

Appellant also avers that the tenant and the owner of the premises, after the owner had refused to grant a renewal of the lease, became parties to a suit in the Supreme Court, wherein the amount due to the tenant from the owner was fixed by a judgment and decreed to be a lien upon the premises.

Hardart, the mortgagee, however, was not a party to that litigation, although his mortgage had been recorded before that suit was instituted. This defense was stricken out on the ground that it was insufficient in law because the judgment did not bind him. The defense is proper as an assertion of appellant's claim of a superior lien growing out of the terms of the lease. The judgment in the action to which the landlord and tenant were parties is not *res adjudicata* of appellant's rights as against Hardart. Sufficient allegations aside from the plea of the judgment are contained in this defense. The conflicting claims of priority must be tried out and the nature and amount of the alleged lien claimed by appellant must be determined at trial.

The order appealed from striking out the first defense should be reversed, with ten dollars costs and disbursements to appellant, and the motion to strike out denied, with ten dollars costs.

Appeals were likewise separately taken by Conron Brothers Company from orders denying motions to vacate the receivership in the

mortgage foreclosure action and to appoint a receiver in an action commenced by appellant. The orders so appealed from should be affirmed, with ten dollars costs and disbursements.

DOWLING, P. J., MERRELL, MARTIN and O'MALLEY, JJ., concur.

In the first appeal: Order affirmed, with ten dollars costs and disbursements.

In the second appeal: Order affirmed, with ten dollars costs and disbursements.

In the third appeal: Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.